**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ROBERT L. WILLIAMS, | ) | 3:17-cv-00568-RCJ-WGC |
| Plaintiff, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | **OF U.S. MAGISTRATE JUDGE** |
| | ) | |
| WASHOE COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 1) and pro se Complaint (ECF No. 1-1).

**I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

/ / /

/ / /

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"The court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed IFP, whether or not the plaintiff is incarcerated. *See Lopez*, 203 F.3d at 1129; *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's

favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff names as Defendants: The City of Sparks; Sparks City Attorney Chet Adams; KRNV News 4; KRNV News 4's Terri Hendry; Washoe County; and, Washoe County Assistant District Attorney Paul Lipparelli. (ECF No. 1-1 at 1-2.)

Plaintiff alleges that KRNV News 4 Editor Terry Hendry aired a segment on March 18, 2016, which Plaintiff claims intentionally slandered him. (ECF No. 1-1 at 7.) Plaintiff claims that Sparks City Attorney Chet Adams spoke with Terri Hendry about Plaintiff's settlement with Washoe County, which he contends was under seal. (ECF No. 1-1 at 7.) Plaintiff avers that Adams' interview with Hendry contained false statements about Plaintiff: that he was convicted of or pleaded to felony domestic assault by strangulation; that he had settled three prior lawsuits in California; that it costs an inmate nothing to file a case; that Plaintiff provides free legal advice to inmates; and, that Plaintiff refused to settle any of his cases. (*Id.* at 7-8.) He states that there was slander with the KRNV News segment on March 18, 2016, and libel when the story was placed on the internet. (*Id.* at 9.) He claims that Adams did this intentionally to deter inmates in Nevada from filing lawsuits. (*Id.*) He contacted News 4 to have the story

1  retracted, but his phone calls were not returned. (*Id*. at 7.)

2        Plaintiff goes on to allege that Washoe County failed to train Assistant District Attorney Paul Lipparelli, who disclosed the settlement reached between Plaintiff and Washoe County. (*Id*. at 8.)

4        Preliminarily, the court will address jurisdiction. While Plaintiff submits his complaint on a form for a civil rights complaint pursuant to 42 U.S.C. § 1983, he asserts only a Nevada defamation claim. Plaintiff is a resident of California, and appears to sues Defendants that reside in Nevada. Therefore, the complaint suggests that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1), and not federal question jurisdiction under 28 U.S.C. § 1331.

9        "An action for defamation requires the plaintiff to prove four elements: (1) a false and defamatory statement. …; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Clark County School Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 385, 213 P.3d 496, 504 (Nev. 2009) (internal citation and quotation marks omitted). Libel refers to defamation in written or fixed form, while slander is spoken defamation.

14        Construing the allegations liberally, as the court must for a pro se plaintiff, it is recommended that Plaintiff be allowed to proceed with his defamation claim against the City of Sparks, Chet Adams, KRNV News 4, and Terri Hendry. Plaintiff alleges that they knowingly published false statements about him. (The statements about whether inmates pay to file cases would not be actionable.)

18        To the extent Plaintiff takes issue with the disclosure of the fact and amount of a settlement with Washoe County in the amount of $2850, Plaintiff has no claim for relief. The court takes judicial notice of the docket in case 3:14-cv-00159-MMD-VPC. The *recording* of the settlement conference *proceeding* was sealed, but *not* the terms of the settlement itself, which are public because Plaintiff was suing a public entity. Plaintiff signed the stipulation for dismissal of that case with prejudice, which itself recites the terms of the settlement in the public record. *See* 3:14-cv-00159-MMD-VPC, ECF No. 112. Therefore, Plaintiff does not state a claim against Washoe County or Washoe County Assistant District Attorney Paul Lipparelli, and they should be dismissed with prejudice.

26  / / /

27  / / /

28

As a final note, the complaint includes a brief, and vague statement that the Defendants' actions have "ha[d] an [e]ffect on Plaintiff['] s chances of doing civil law on social media." (ECF No. 1-1 at 9.) Plaintiff should be advised that both Nevada and California prohibit the unauthorized practice of law by those without a law license.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1).

(2) Directing the Clerk to **FILE** the Complaint (ECF No. 1-1).

(3) Allowing Plaintiff to **PROCEED** with his defamation claim against the City of Sparks, Chet Adams, KRNV News 4, and Terri Hendry, but **DISMISSING WITH PREJUDICE** the claim asserted against Washoe County and Paul Lipparelli.

(4) Directing the Clerk to **ISSUE** summonses for each of the defendants, and send Plaintiff sufficient copies of the complaint and service of process forms (USM-285). Plaintiff should be given twenty days to complete the USM-285 form and return it to the U.S. Marshal to complete service upon the defendants. Within twenty days of receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff should be directed to file a notice with the court indicating whether the defendants were served. If service was not effectuated, and if Plaintiff wishes to have service attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted. Plaintiff should be reminded that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within ninety days of the date of any order adopting this Report and Recommendation. If Plaintiff should require additional time to meet deadlines set by this court, he should be advised that he must file a motion for an extension of time in accordance with Local Rule 26-4. If he requires an extension of time to effectuate service, the motion must be supported by good cause and shall be filed *before* the expiration of the ninety-day period.

(5) Once service is accomplished, Plaintiff shall serve a copy of every pleading, motion or other document submitted for consideration by the court upon the defendants or, if an appearance has been entered by counsel, upon the attorney. Plaintiff shall include with the original of each document to be

filed with the court a certificate stating that a true and correct copy of the document was mailed to the defendant or counsel. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: January 29, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE