UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT L. WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>WASHOE COUNTY, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:17-cv-00568-MMD-VPC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 3) ("R&R") relating to plaintiff's application to proceed in forma pauperis ("IFP") (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Plaintiff had until February 12, 2018 to file an objection. (ECF No. 5.) To date, no objection to the R&R has been filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard

1 of review employed by the district court when reviewing a report and recommendation to
2 which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219,
3 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the
4 view that district courts are not required to review "any issue that is not the subject of an
5 objection."). Thus, if there is no objection to a magistrate judge's recommendation, then
6 the court may accept the recommendation without review*. See, e.g.*, *Johnstone*, 263 F.
7 Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to
8 which no objection was filed).

9 Plaintiff has not objected to the R&R. Nevertheless, the Court will conduct a *de
10 novo* review to determine whether to adopt the R&R. The Magistrate Judge recommends
11 granting Plaintiff's IFP application. (ECF No. 3 at 2.) The Magistrate Judge further
12 recommends allowing Plaintiff to proceed with his defamation claim against the City of
13 Sparks, Chet Adams, KRNV News 4 and Terri Hendry, but finding that Plaintiff fails to
14 state a claim against Washoe County and Washoe County Assistant District Attorney
15 Paul Lipparelli. (*Id.* at 4.) Having reviewed the R&R and the filings in this case, the Court
16 agrees and will adopt the R&R.

17 It is therefore ordered, adjudged and decreed that the Report and
18 Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) is accepted and
19 adopted in its entirety.

20 It is ordered that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is
21 granted.

22 It is further ordered that the Clerk detach and file the complaint (ECF No. 1-1).

23 It is further ordered that Plaintiff may proceed with his defamation claim against
24 the City of Sparks, Chet Adams, KRNV News 4 and Terri Hendry (collectively,
25 "Defendants") Plaintiff's defamation claim against Washoe County and Washoe County
26 Assistant District Attorney Paul Lipparelli is dismissed with prejudice.

27 The Clerk is directed to issue summons for each of the Defendants, and send
28 Plaintiff sufficient copies of the complaint and service of process forms (USM-285).

1  Plaintiff will be given twenty (20) days to complet the USM-285 form and return it to the
2  U.S. Marshal to compete service upon the Defendants. Within twenty (20) days of
3  receiving from the U.S. Marshal a copy of the USM-285 form showing whether service
4  has been accomplished, Plaintiff must file a notice with the Court indicating whether the
5  Defendants were served. If service was not effectuated, and if Plaintiff wishes to have
6  service attempted again, he must file a motion with the court providing a more detailed
7  name and/or address for service, or indicating that some other method of service should
8  be attempted. Plaintiff is reminded that pursuant to Rule 4(m) of the Federal Rules of
9  Civil Procedure, service must be accomplished within ninety (90) days of the date of this
10 Order. If Plaintiff should require additional time to meet deadlines set by this Court, he is
11 advised that he must file a motion for an extension of time in accordance with Local Rule
12 26-4. If he requires an extension of time to effectuate service, the motion must be
13 supported by good cause and must be filed *before* the expiration of the ninety-day
14 period.

   Once service is accomplished, Plaintiff must serve a copy of every pleading, motion or other document submitted for consideration by the Court upon the Defendants or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the Court a certificate stating that a true and correct copy of the document was mailed to the Defendants or counsel. The Court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

   DATED THIS 6th day of April 2018.

   _____
   MIRANDA M. DU
   UNITED STATES DISTRICT JUDGE