UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT L. WILLIAMS,<br><br>　　　　　Plaintiff,<br>　v.<br><br>THE CITY OF SPARKS, a political subdivision of the State of Nevada, CHESTER H. ADAMS Sparks City Attorney, KRNV NEWS 4, and TERRI HENDRY KRNV Editor,<br><br>　　　　　Defendants. | Case No. 3:17-cv-00568-MMD-WGC<br><br>ORDER |

This Court cannot decide matters over which it has no jurisdiction. Pro se Plaintiff Robert L. Williams has not established the Court has jurisdiction to decide what amounts to state tort claims against Defendants. Accordingly, the Court will grant Defendants' Motion to Dismiss ("Motion") (ECF Nos. 10, 12 (Defendant KRNV News 4's Joinder)) Plaintiff's complaint ("Complaint") (ECF No. 7).[1,2]

///

///

///

---

[1] In addition to reviewing Plaintiff's Complaint and Defendants Motion and the joinder, the Court has also considered Plaintiff's response (ECF No. 16) and Defendants' reply (ECF No. 18).

[2] Defendants requested that the Court dismiss the Complaint on two separate grounds, with the second ground appearing to be presented with an alternative: (1) for lack of subject matter jurisdiction; (2) for failure to state a claim for which relief can be granted; or alternatively, "3)" granting Defendants' demand for security costs. (ECF No. 10 at 1, 12–13.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff's Complaint is devoid of any allegations tending to bestow the Court with jurisdiction over his case. Notably, Plaintiff submits his Complaint on a form for a civil rights claim pursuant to 42 U.S.C. § 1983, but only attempts to allege state law claims of slander, libel, and defamation. (ECF No. 7.) Thus the Complaint does not assert federal question jurisdiction under 28 U.S.C. § 1332(1). Therefore, the Court must examine whether it may exercise diversity jurisdiction.

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties; and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The amount in controversy must be established by a preponderance where the amount in controversy is "unclear or ambiguous from the face of a . . . complaint." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). That means the party must establish that, "more likely than not," the amount in controversy exceeds the jurisdictional amount. *Id.* (quoting *Sanchez*, 102 F.3d at 404).

Here, the Court also lacks diversity jurisdiction under 28 U.S.C. § 1332(a). First, in the Complaint Plaintiff does not provide a jurisdictional statement indicating the citizenship of each party, even though he identifies Defendants' locations or employment and provides that he presently resides in California.[3] *See Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986) (noting diversity jurisdiction is based on a party's citizenship—not residency). Second, even if the parties were alleged to be diverse, the most liberal facial

///

///

---

[3] In response to Defendants' Motion, Plaintiff contradicts his statement of his residency as proffered in the Complaint. He now provides that he has been "homeless since March 2016" and provided the Court with his daughter's address for mailing purposes only. (ECF No. 16 at 1.)

reading of Plaintiff's allegations suggests the amount in controversy is speculative at best. (*See* ECF No. 7.)

Plaintiff confirms the Court's conclusion in his response to Defendants' Motion. In their Motion, Defendants' contended that Plaintiff seeks damages that, factually, are both impermissible and speculative. (ECF No. 10 at 6–7.) In response to Defendants' Motion, Plaintiff fails to prove his claims in fact meet the jurisdictional amount. Instead, he insists his claims are civil rights claims (ECF No. 16 at 2) and states only that "All claims of relief should be granted and a jury trial *could* produce an amount larger than any barrier named by Defendants [sic] claims or point" (*id.* at 3) (emphasis added). Plaintiff's statement is insufficient to avoid dismissal of his Complaint for lack of jurisdiction. Because it is unclear on the face of the Complaint that Plaintiff pleaded the requisite amount in controversy, Plaintiff must establish that he has pleaded the amount by a preponderance of the evidence. Plaintiff has not done so. The Court therefore grants Defendants' Motion because Plaintiff's pleadings fail to establish the Court's jurisdiction over his claims.[4]

The Court also denies the motion for extension of time Plaintiff filed with the Court on August 23, 2018, whereby Plaintiff appears to seek an automatic extension of time to respond to all future motions. (ECF No. 21.) Given the Court's ruling, this motion is moot.

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 10) is granted. Plaintiff's Complaint is dismissed without prejudice in its entirety.

It is further ordered that Plaintiff's Motion for Extension of Time (ECF No. 21) is denied as moot.

DATED THIS 22nd day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[4]Since the Court dismisses the Complaint for lack of subject matter jurisdiction, the Court will not consider Defendants' other stated basis for dismissal, nor their request that the Court grant their demand for security costs. (ECF Nos. 10, 18.)